Concurring and Dissenting Opinion by
NAKAYAMA, J.
I concur with fhe Majority’s conclusion that Wong’s Unfair[1] or Deceptive Acts and or Practices (UDAP) claim fails. However, I respectfully dissent from the Majority’s conclusion that Wong’s negligence or negligent misrepresentation claim is not preempted by the Railroad Labor Act (RLA). Although I agree that the RLA does not preempt state law claims that are independent of the collective bargaining agreement entered into by HAL and the Airline Pilots Association (the CBA or Pilots Agreement), Wong fails to raise any independent state law claims. There is no statute or case law that imposes a legal duty on HAL to provide Wong with reasonably accurate Medicare retirement information. Therefore, because the only other possible source of such a legal duty would be the CBA, Wong’s claim is preempted.
In Hawaiian Airlines, Inc. v. Norris, the United States Supreme Court laid out the standard used to determine whether a state law claim is preempted by the RLA. 512 U.S. *269 246, 266, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994). The court held that a state law claim is not preempted if it is independent of a collective bargaining agreement. Id. The court determined that Norris’s state law claim for wrongful discharge was not preempted because
the CBA is not the ‘only source’ of [Norris]’s right not to be discharged wrongfully. In fact, the ‘only source’ of the right [Norris] asserts in this action is state tort law. Wholly apart from any provision of the CBA, [Hawaiian Airlines] had a state-law obligation not to fire [Norris] in violation of public policy or in retaliation for whistle-blowing.
Id. at 258, 114 S.Ct. 2239. In other words, the court looked for the source of the right Norris was claiming and held that the claim was not preempted because Norris asserted a state tort law action based on an independent obligation imposed on HAL by state law.
The Majority writes that “Wong has not relied on the Pilots Agreement in making out his claims for negligence and negligent misrepresentation. ... [T]here is nothing in the record to indicate that Wong’s state law claims of negligence and negligent misrepresentation are dependent on the Pilots Agreement.” However, although Wong asserts only a common law right not to receive false information negligently, which he claims is not based on the CBA, this case is distinguishable from Norris because HAL did not have a state law obligation to use reasonable care in providing Wong with Medicare information.
Wong specifically relies on Restatement (Second) of Torts § 552 and this court’s decision in State ex rel. Bronster v. U.S. Steel Corp., 82 Hawai'i 32, 919 P.2d 294 (1996), to support his state law claim for negligent misrepresentation. The tort of negligent misrepresentation, as framed by Restatement (Second) of Torts § 552, was adopted by this court in Chun v. Park, 51 Haw. 462, 462 P.2d 905 (1969), and reads in pertinent part:
One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
(emphasis added).
In Bronster, this court clarified that the tort did not apply only to those in the business of supplying information for the guidance of others, and “the central principle operating within section 552 is that the defendant supplier of information must have a pecuniary interest in the transaction or context in which the information is supplied in order to merit the imposition of a duty of care in obtaining and communicating the information.” 82 Hawai'i at 45-46, 919 P.2d at 307-08 (emphasis added). This court then held that there were two ways to meet this requirement: 1) “[t]he information may be supplied by one whose business it is to provide information—such as accountants, attorneys or title companies, who provide information for a price, and for the guidance of others in their transactions with third par-tiese,]” and 2) the defendant otherwise has an actual pecuniary interest in the transaction in which he or she supplies the information. Id. at 46, 919 P.2d at 308.
Thus, this court has clearly limited the duty to exercise reasonable care to suppliers of information 1) who provide that information for a price or 2) who have a pecuniary interest in supplying the information.[1] HAL does not provide information about insurance plans or Medicare for a price, and it does not *270 have a pecuniary interest in supplying this information to its former employees. Therefore, HAL is not a supplier of information that has a duty to exercise reasonable care and cannot be held liable for negligent misrepresentation under state law.
Wong asserts that HAL had a duty to use reasonable care in providing information to him because it took on the task of providing him information that turned out to be wrong. However, as stated above, this court’s interpretation and application of Restatement (Second) of Torts § 552 does not impose such a duty on a former employer even if it undertakes the task of providing information to its former employees, unless it has a pecuniary interest in doing so. Moreover, Wong has failed to raise any other state law that imposes such a duty on HAL. Wong thus fails to assert an independent state law claim. Wong’s failure to cite to or rely on the CBA as the source of HAL’S duty does not necessarily establish that there is a state law claim that would be actionable and not preempted by the RLA.
The Majority declines to address whether HAL owed Wong a duty of care under state law and asserts that “the record is insufficient for a reviewing court to make a determination regarding the question of duty as a matter of law.” However, “a negligence action lies only where there is a duty owed by the defendant to the plaintiff.” Bidar v. Amfac, Inc., 66 Haw. 547, 551, 669 P.2d 154, 158 (1983). Under the Norris standard, the existence of an independent state law action is necessary to a finding that a dispute is not preempted by the RLA. Thus, it is unclear how the Majority arrives at its conclusion without first determining that there is an independent state law source for Wong’s claims.
Furthermore, although a question regarding whether a duty of care was breached is a question of fact, the question of whether a duty of care exists is a question of law. Bidar, 66 Haw. at 552, 669 P.2d at 158 (“The existence of a duty, that is, ‘whether ... such a relation exists between the parties that the community will impose a legal obligation upon one for the benefit of the other—or, more simply, whether the interest of the plaintiff which has suffered invasion was entitled to legal protection at the hands of the defendant,’ is entirely a question of law.” (internal citations omitted)). And as a matter of law, state law does not impose the duty of care on HAL that Wong asserts in this case. Because Wong does not assert a viable independent state law claim, the only other possible source of Wong’s right to receive reasonably accurate Medicare information is the CBA, and any claim to such a right is preempted by the RLA.
Therefore, I dissent from the Majority’s opinion and would affirm the ICA and circuit court on this issue.

. See Bronster, 82 Hawai'i 32, 919 P.2d 294 (claim asserted against supplier of steel for representations made regarding suitability of its product); Chun, 51 Haw. 462, 462 P.2d 905 (action by buyers against title company for negligence in preparation of certificate of title); Koha-la Agríe, v. Deloitte & Touche, 86 Hawai'i 301, 949 P.2d 141 (App.1997) (accountant may be held liable by third parties for negligence in preparation of audit report); Shaffer v. Earl Thacker Co., 6 Haw.App. 188, 716 P.2d 163 (1986) (real estate brokers could be held liable to purchaser for tort of negligent misrepresentation).